MAR 13 2026 PM3:42
FILED-USDC-CT-NEW.HAVEN

UNITED STATES COURT DISTRICT OF CONNECTICUT


JANE DOE,

Plaintiff,

v.

Brittney Nicole Velleca,Connecticut Department of Social Service Employee

and

Ryan Piccirillo, Connecticut State Trooper I

*Defendants*


**Civil Action  No.: _____**


**Complaint**

**(Civil Rights Action – 42 U.S.C. § 1983)**

*I. NATURE OF THE ACTION*

This action arises from violations of Plaintiff's constitutional rights arising from an improper criminal referral, and the use of excessive force.

Plaintiff alleges that Defendant Velleca, at time was a lead investigator employed by the Connecticut Department of Social Services, referred Plaintiff's Federal SNAP, and Pandemic Snap benefits matter for criminal prosecution without first conducting an adequate review and fair hearing process, or providing proper notice of any verified overpayment. The improper referral to was relied on unverified and unsupported allegations regarding the amounts at issue. As a result of this improper referral plaintiff was seized pursuant to legal process.

During the transportation, Plaintiff was subjected to excessive force when restraints were applied by trooper Piccirillo at an unreasonably tight manner for long periods of time resulting in ongoing pain and injury.

Plaintiff did not fully understand the legal implications of Defendants conduct or her ability to assert civil rights claims at the time of events. Plaintiff brings this action pursuant to 42 U.S.C. §1983 to recover damages for violations of her constitutional rights

## II. JURISDICTION AND VENUE

This Court has jurisdiction under:

28 U.S.C. § 1331 (federal question jurisdiction) 28 U.S.C. § 1343 (civil rights jurisdiction). Plaintiff's claims arise under 42 U.S.C. §1983. Venue is proper in this Court because the events giving rise to these claims occurred in the State of Connecticut.

## III. PARTIES

Plaintiff Jane Doe is a resident of the State of Connecticut.

Defendant 1-Brittany N Velleca was a Lead investigator employed by the Connecticut Department of Social Services and was acting under color of state law at all relevant times.

Defendant Trooper CPS is a trooper employed by the Connecticut State Police and was acting under color of state law at all relevant times.

## IV. STATEMENT OF FACTS

During the national COVID-19 pandemic, Plaintiff received enormous SNAP benefits that DSS later claimed were erroneously overpaid.These benefits included federal snap, and pandemic snap. Plantiffs was not fully aware of all alleged large overpayment amounts and had no opportunity to respond to allegations.

Plantiff alleged that Connecticut Department of Social Services ("DSS"), when a previously closed application was improperly renewed and processed without the required verification, recertification, or interview procedures mandated by federal SNAP regulations.

Rather than correcting the agency's administrative error and facilitating the required fair-hearing process, DSS personnel responsible for Plaintiff's file,  Brittney Nicole Velleca, acting under color of state law, escalated the matter to directly to criminal enforcement and accused Plaintiff of committing an Intentional Program Violation ("IPV") without proper notice and NOT providing any letter notice of overpayment with verified amounts. Despite the absence of a proper administrative determination and without completing mandatory SNAP procedural safeguards, Defendant V  sought and obtained a unknown warrant without plaintiff knowledge for allegations of IPV.

Approximately two years later, the previously unknown warrant was executed. During the encounter, Plaintiff was placed in excessively tight handcuffs, and although the trooper was asked to loosen them, the request was refused. Plaintiff suffered pain and ongoing wrist injury. Plaintiff alleges that questions regarding her SNAP benefits arose from administrative or reporting discrepancies rather than intentional misconduct.

Plaintiff alleges that Defendant Velleca initiated a criminal referral without conducting a complete investigation into whether the alleged overpayment resulted from agency error.

Federal SNAP regulations require specific investigative procedures before cases are referred for criminal prosecution, including determination of an Intentional Program Violation. C.F.R. § 273.16.Based on this referral, Defendant Trooper CPS executed an arrest warrant against Plaintiff.

Plaintiff previously filed a claim before the Connecticut Claims Commissioner for these matters.The portion of Plaintiff's claim alleging intentional misconduct and excessive force was dismissed on jurisdictional grounds, with the Commissioner indicating that such claims were properly brought in federal court under 42 U.S.C. §1983.

The portion of Plaintiff's claims that did survive with CT Commissioner was negligent supervision/administrave which survived the State's motion to dismiss and proceeded to an evidentiary hearing that was scheduled for november 11 2025 and rescheduled to 1/12/26 for evidentiary hearing, the matter of outcome remains pending as of this date. Plaintiff notes that the pending administrative claim does not preclude this federal civil rights action under 42 U.S.C. §1983.

Prior to initiating litigation, Plaintiff made multiple attempts to resolve these matter through administrative and state channels, including communications for the relevant state agencies.

Despite these efforts, no meaningful resolution was reached, and Plaintiff continues to suffer ongoing and unremedied damages. As a result, Plaintiff now seeks relief through the courts for the violations of federal civil rights.

*V. CLAIMS FOR RELIEF*

**Count I – Excessive Force**

(42 U.S.C. §1983)

On 3/13/23 Defendant  Piccirillo used unreasonable and excessive force during Plaintiff's encounter excessively tight handcuffing, in violation of Plaintiff's Fourth Amendment rights.

**Count II   – Malicious Prosecution**

(42 U.S.C. §1983)

Defendant Velleca initiated or caused criminal proceedings against Plaintiff omitting information and actions of a unverified and  without probable cause by referring the matter for prosecution without adequate investigation required by Federal Snap program.

**Count III – Due Process Violations**

(42 U.S.C. §1983)

Plaintiff possessed a protected property interest in SNAP benefits and the fair administrationof those benefits. Defendant V deprived Plaintiff of procedural due process by initiating enforcement actions without a proper administrative

Defendant Velleca further failed to provide timely administrative determinations required by law and attempted to collect post court referral.

Defendants Velleca deprived Plaintiff of constitutional protections guaranteed by the Fourteenth Amendment

### COUNT IV – DEPRIVATION OF PROPERTY

Plaintiff incorporates all preceding paragraphs. Defendants' conduct deprived Plaintiff of a protected property interest in federally a without due process, in violation of the Fourteenth Amendment.

*VI.DAMAGES*

As a direct result of Defendants' actions, Plaintiff suffered:

• physical injury

• emotional distress

• loss of liberty

• some reputational harm

*VII. PRAYER FOR RELIEF*

Plaintiff respectfully requests:

1. Compensatory damages

2. Punitive damages

3. Costs and attorney's fees under 42 U.S.C. §1988 should plaintiff later obtain

4. Any other relief the Court deems just and proper.

DATED: 3/12/26

Respectfully submitted,

Jane Doe

**STATE OF CONNECTICUT**
**CLAIMS COMMISSIONER'S OFFICE**
**450 COLUMBUS BOULEVARD, SUITE 203**
**HARTFORD, CT 06103**

████████████                          :          **CLAIM NO. 27358**

                    **v.**

**STATE OF CONNECTICUT**              :          **AUGUST 6, 2025**


**DECISION ON MOTION TO DISMISS**

### I.      BACKGROUND

On January 20, 2025, ██████████ filed a claim against the State, alleging that an employee of the Department of Social Services (DSS) knowingly and maliciously violated Ms. ██████ civil rights in order to cover up the employee's administrative agency errors, resulting in false allegations of Intentional Program Violation (IPV) against Ms. ████████.

Ms ██████ alleges that as a result of the employee's misconduct, Ms. ██████ was harassed, and wrongfully arrested by Connecticut State Police (CSP), who used excessive force when handcuffing her. Ms. ██████ claims that she continues to suffer emotionally and economically due to her damaged reputation.

On July 24, 2025, the State filed its *Motion to Dismiss*, arguing that Ms ██████ alleges violations of her constitutional rights as a result of intentional misconduct of state employees of DSS and CSP, and that the claim should be dismissed as one that is otherwise authorized by law pursuant to Connecticut General Statutes 4-142(a)(2).

On July 26, 2025, Ms. ██████ led her *Objection to Motion to Dismiss / Memorandum in Opposition,* arguing that the alleged conduct occurred as a result of negligent supervision and administration.


### II.     DECISION

The Claims Commissioner's Office agrees with the State's position that Ms. ██████ allegations of intentional misconduct and/or constitutional rights violations against DSS and/or CSP are otherwise authorized by law and are therefore dismissed under Connecticut General Statutes section 4-142(a)(2).

Information can be obtained about where to file an action in State court from the Judicial Branch website page: https://www.jud.ct.gov/lawlib/srp/representation.htm

Information can be obtained about where to file an action in Federal court from the Federal Court website page: https://www.ctd.uscourts.gov/tips-and-helpful-information

**IMPORTANT**: As to Ms. ████████ allegations of negligence against DSS and/or CSP, the Claims Commissioner's Office will determine such at the Evidentiary Hearing scheduled November 4, 2025. A reminder notice will be issued prior to the hearing date.

**Accordingly, ████████s allegations of intentional misconduct and/or constitutional rights violations are respectfully dismissed.**

BY ORDER OF THE CLAIMS COMMISSIONER'S OFFICE

*Robert F. Shea, Jr.*
ROBERT F. SHEA, JR.

2

# Exhibit A

**Lack of Proper Investigation**

Plaintiff asserts that the referral for criminal enforcement was made without a complete or adequate investigation of the underlying eligibility records and benefit determinations associated with Plaintiff's SNAP case administered by the Connecticut Department of Social Services.

**Failure to Verify Eligibility Records** Federal SNAP regulations require state agencies to determine eligibility and any alleged overpayment through a careful review of benefit calculations and case records pursuant to 7 C.F.R. § 273.18. Plaintiff asserts that such verification was not properly completed before the matter was referred for enforcement action.

**Absence of Administrative Determination**  Plaintiff further asserts that no Administrative Disqualification Hearing or other formal determination of an Intentional Program Violation was conducted as required under 7 C.F.R. § 273.16 prior to the referral for criminal investigation.

**Deviation from Required Procedures** The procedures set forth in federal SNAP regulations are designed to ensure that allegations of fraud or overpayment are supported by verified evidence and appropriate administrative findings before enforcement action is pursued.

**Resulting Harm** Plaintiff asserts that the failure to follow these federally mandated procedures resulted in significant harm, including the initiation of criminal proceedings and related damages that Plaintiff continues to experience.

# Exhibit B

# Federal SNAP Policies Governing Overpayments and Fraud Determinations

The administration of the Supplemental Nutrition Assistance Program ("SNAP") is governed by federal regulations issued by the United States Department of Agriculture Food and Nutrition Service.

## 1. Fraud Determination Requirement

Under 7 C.F.R. § 273.16, an Intentional Program Violation (IPV) must be established through one of the following:

- A criminal conviction in a court of law;

- An Administrative Disqualification Hearing determining that the individual committed an intentional violation; or

- A signed waiver or admission of the violation by the accused individual.

Absent one of these determinations, a household cannot be formally deemed to have committed SNAP fraud.

## 2. Fair Hearing and Due Process Rights

Federal regulations require that households be afforded procedural protections before adverse SNAP determinations are enforced.

Pursuant to 7 C.F.R. § 273.15, households must receive:

- Written notice of the alleged violation or overpayment;

- The right to request and participate in an impartial fair hearing;

- The opportunity to review and challenge evidence used by the agency.

These procedures are intended to ensure compliance with due process protections.

---

## 3. Determination of SNAP Overpayments

Federal SNAP regulations governing overpayment claims are set forth in 7 C.F.R. § 273.18.

Under these regulations, state agencies must:

- Calculate eligibility and benefits on a month-by-month basis;

- Classify overpayments into one of three categories:

  - Intentional Program Violation

  - Inadvertent Household Error

  - Agency Error;

- Provide written notice to the household prior to initiating collection or recovery actions.Defendent Provided a written notice on post refferal to prosecution.

---

## 4. Special Considerations for Disabled Households

Federal SNAP regulations recognize specific eligibility and reporting provisions for elderly or disabled individuals under 7 C.F.R. § 273.2(j), including modified reporting requirements and allowable deductions that affect benefit calculations.

---

## 5. Constitutional Protections

Failure to follow the above federal regulations may constitute a deprivation of rights secured by federal law and the Constitution and may give rise to civil liability under 42 U.S.C. § 1983.